# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ROBERT E. ALLEN | CIVIL ACTION |
| VERSUS | NO. 18-7678 |
| WARDEN KELLY | SECTION "I"(4) |

## ORDER AND REASONS

Before the Court is a **Motion to Amend (Rec. Doc. No. 12)** filed by the petitioner, Robert E. Allen. The petitioner seeks leave to amend his federal habeas petition brought under 28 U.S.C. § 2241 to include claims that he was sexually assaulted by a prison guard and has been unable to secure a thorough investigation of the incident through normal prison procedures. He seeks to also include requests for injunctive relief related to the incident and the investigation.

Title 28 U.S.C. § 2242 permits the amendment or supplement of a habeas petition as provided in the Federal Rules of Civil Procedure *See also* Fed. Rule Civ. P. 81(a)(2) (The civil rules "are applicable to proceedings for . . . habeas corpus.") Therefore, the Court can utilize the standards of Fed. R. Civ. P. 15 when considering a motion to amend a habeas petition.

Rule 15(a) of the Federal Rules of Civil Procedure governs the amendment of pleadings. It provides that leave to amend pleadings "shall be freely given when justice so requires." *Id*. This and other federal rules "reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v Gibson*, 355 U.S. 41, 48 (1957). Rule 15(a) evinces a liberal amendment policy and a motion to amend should not be denied absent a substantial reason to do so. *See Jacobsen v Osborne*, 133 F.3d 315, 318 (5the Cir. 1998). However, leave to amend is by no means automatic. *Addington v Farmer's Elevator Mut. Ins. Co.,* 650 F.2d

663, 666 (5th Cir. 1981). The decision to grant or deny a motion for leave to amend lies within the sound discretion of the trial court. *Id.*

In exercising its discretion, the trial court may consider such factors as "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." *Gregory v Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981). Leave to amend should be denied when doing so is required for fairness to the party opposing the motion for leave to amend. *Zenith Radio Corp. v. Hazeltime Research, Inc.*, 401 U.S. 321 (1971).

The State's response to Allen's habeas petition is not yet due, so delay is not a concern. However, as a matter of bad faith, prejudice, and futility, the claims asserted and relief sought in Allen's proposed amendment are wholly inappropriate in a habeas corpus proceeding.

Allen filed a petition for writ of habeas corpus under § 2241, which allows prisoners to challenge the fact or duration of confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser*, 411 U.S. at 484. Allen does not challenge the fact or length of his confinement in the proposed amended petition. Rather, Allen instead complains in the proposed amendment about a matter considered to be condition of his confinement. A civil rights action, not a habeas petition, is the proper remedy for a prisoner who is making a constitutional challenge to the conditions of his prison life. *See Id.*; *accord Spencer v. Bragg*, 310 F. App'x 678, 679 (5th Cir. 2009) (where "a prisoner challenges an unconstitutional condition of confinement," the proper vehicle is a civil

rights action if a determination in the prisoner's favor will not automatically result in his release) (quoting *Carson v. Johnson*, 112 F.3d 818, 820-21 (5th Cir. 1997)).

As such, the record does not demonstrate any reason for the Court to allow this amendment to Allen's federal habeas corpus petition under the Rule 15 standards. Accordingly,

**IT IS THEREFORE ORDERED** that Allen's **Motion to Amend (Rec. Doc. No. 12)** is **DENIED**.

New Orleans, Louisiana, this  19th  day of September, 2018.

_____
**KAREN WELLS ROBY
CHIEF UNITED STATES MAGISTRATE JUDGE**