UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROBERT E. ALLEN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-7678** |
| **WARDEN KELLY** | **SECTION "I"(4)** |

**REPORT AND RECOMMENDATION**

This petition for a writ of habeas corpus under 28 U.S.C. § 2241 was referred to a United States Magistrate Judge for preliminary review, to conduct a hearing, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations as allowed by 28 U.S.C. § 636(b)(1)(B) and (C).[1]  Upon review of the entire record, the Court finds that a federal evidentiary hearing is unnecessary.

**I.    Factual and Procedural History**

The petitioner, Robert Allen ("Allen"), is an inmate currently housed in the St. Tammany Parish Jail in Covington, Louisiana, awaiting trial on state charges of second offense failure to register as a sex offender.[2]  Allen's first conviction for failure to register as a sex offender was on November 19, 2010, when he pleaded guilty before the United States District Court for the Western District of Missouri.[3]  The May 12, 2011, judgement of that federal court reflects that Allen was

---

[1] Rec. Doc. No. 7.

[2] Rec. Doc. Nos. 1, 23; St. Rec. Vol. 1 of 2, Bill of Information, 4/20/17.

[3] Rec. Doc. No. 19-1, p. 17 (Judgment, p. 1, S.D. Mo., 5/12/11).  The state court records indicate that the initial sex offense conviction for lewd molestation occurred on September 28, 1997, in Case No. OK87184 in the state district court in Sapaula County, Oklahoma.  *See* St. Rec. Vol. 1 of 2, Bill of Information, 4/20/17.

sentenced on May 6, 2011, to serve 33 months in the custody of the United States Bureau of Prisons ("BOP"), 10 years thereafter on supervised release, and pay a special assessment of $100.[4]

On November 17, 2014, Allen pleaded guilty to violations of his supervised release conditions and was sentenced in the Southern District of Missouri to serve eight months in the custody of the BOP and 10 years on supervised release.[5]

On December 9, 2015, Allen again pleaded guilty to multiple violations of his supervised release conditions and was sentenced in the Southern District of Missouri to serve 18 months in the custody of the BOP and 3 years on supervised release.[6]

While on supervised release, on February 27, 2017, Allen was arrested in St. Tammany Parish as a federal fugitive and for resisting an officer, second offense failure to register as a sex offender, and failure to honor a written promise to appear.[7] In connection with this arrest, a federal detainer was placed upon him on March 1, 2017.[8] He later was charged on April 20, 2017, in St. Tammany Parish by Bill of Information with second offense failure to register as a sex offender, and he is awaiting trial on that charge.[9]

On September 12, 2017, the St. Tammany Parish Sheriff's Office released Allen to the custody of the United States Marshal's Service for his return to appear before the Southern District

---

[4]Rec. Doc. No. 19-1, pp. 18-22 (Judgment, pp. 2-5, S.D. Mo., 5/12/11).

[5]Rec. Doc. No. 19-1, pp. 23-25 (Judgment, pp. 1-3, S.D. Mo. 11/20/14).

[6]Rec. Doc. No. 19-1, pp. 28-30 (Judgment, pp. 1-3, S.D. Mo. 12/9/15). On November 28, 2016, the Southern District of Missouri amended its judgment to allow for Allen to be attend a residential reentry center program. Rec. Doc. No. 19-1, p. 14 (S.D. Mo. Docket Entry 105, 11/28/16).

[7]St. Rec. Vol. 2 of 2, Charges Placed, 2/27/17; Initial Booking Receipt, 2/27/17.

[8]St. Rec. Vol. 2 of 2, Federal Detainer, 3/1/17.

[9]St. Rec. Vol. 1 of 2, Bill of Information, 4/20/17.

of Missouri.[10]  On April 17, 2018, Allen again pleaded guilty to numerous violations of his supervised release conditions and was sentenced in the Southern District of Missouri to serve 24 months in the custody of the BOP.[11]  Allen thereafter was returned to the St. Tammany Parish Jail on May 24, 2018, for further proceedings on his pending state charge.[12]

## II.   Federal Habeas Petition

Allen did not indicate any specific claims in the form he used to file this petition for federal habeas corpus relief.[13]  Broadly construing the completed sections of the petition, arguably clarified in part in his churlish reply to the State's opposition response, Allen contends that his federal sentence from the Southern District of Missouri needs to be recalculated to reflect that he has served the entirety of that sentence.[14]  He claims, however, that he must be returned to federal custody for the recalculation to take effect or it will not extinguish or expire while he is in state custody awaiting trial in St. Tammany Parish.[15]  As relief, he asks to be returned to BOP custody, for an evidentiary hearing, and a federal investigation into his other claims against the St. Tammany authorities, including malfeasance and sexual assault by a transport deputy for the St. Tammany Parish Sheriff's Office.[16]

---

[10]St. Rec. Vol. 2 of 2, Inmate Release, 9/12/17; Letter from St. Tammany Parish Sheriff's Office, 10/2/17; Rec. Doc. No. 19-1, p. 33 (S.D. Mo. Order, 8/30/17).

[11]Rec. Doc. No. 19-1, pp. 34-35 (Judgment, S.D. Mo., pp. 1-2, 4/17/18); pp. 15-16 (S.D. Mo. Docket Entry 121, 11/9/17); p. 16 (S.D. Mo. Docket Entry 127, 4/18/18).

[12]St. Rec. Vol. 2 of 2, Initial Booking Receipt; Rec. Doc. No. 23.

[13]Rec. Doc. No. 1, pp. 6-8, ¶13.  Allen left blank the sections designated for him to identify grounds one through four for his challenge in this petition.

[14]Rec. Doc. No. 1, p. 2, ¶5; Rec. Doc. No. 21.

[15]Rec. Doc. No. 1, p. 3, ¶7(b); p. 5, ¶10(c).

[16]Rec. Doc. No. 1, p. 8, ¶15.

The State filed a response in opposition to Allen's petition asserting that Allen has failed to exhaust available state court and other administrative remedies, and additionally has failed to demonstrate a constitutional violation or shown his entitlement to habeas relief based on his miscellaneous claims against St. Tammany authorities.[17]

### III.    Scope of Federal Habeas Relief

As an initial matter, Allen conflates his § 2241 petition with claims related to an alleged sexual assault by a St. Tammany Parish Sheriff's deputy and complaints about the lack of investigation into the incident through the Sheriff's or prison's procedures. A petition for writ of habeas corpus under § 2241 allows a prisoner to challenge the fact or duration of his confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Allen is considered to be "in custody" for purposes of challenging his federal sentence, because he is still the subject of a federal sentence and detainer.[18] *See* 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 493 (1989).

It is well settled that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser*, 411 U.S. at 484. On the other hand, an inmate's allegations of sexual assault by custodial officers and complaints about prison administrative procedures are challenges to the constitutionality of prison life, which are actionable under 42 U.S.C. § 1983 and not subject to habeas relief. *See Id.*; *accord Spencer v. Bragg*, 310 F. App'x 678, 679 (5th Cir. 2009) (where "a prisoner challenges an unconstitutional condition of confinement," the proper vehicle is a civil rights action if a determination in the prisoner's favor will not automatically result in his release) (quoting *Carson v. Johnson*, 112 F.3d 818, 820-21 (5th Cir. 1997)); *Moore v. Epps*, No. 13-130,

---

[17]Rec. Doc. No. 19.

[18]*See* St. Rec. Vol. 1 of 2, Motion for Continuance and Release to Federal Custody, 9/6/18.

2014WL3748932, at *3 (N.D. Miss. Jul. 29, 2014). Because these claims against St. Tammany authorities do not challenge the fact or duration of Allen's confinement, they should be dismissed without prejudice as improper for federal habeas review.

## IV. Failure to Exhaust

The State has asserted that Allen has failed to exhaust review of his challenge to the calculation of his federal sentence in the state courts and through BOP administrative procedures. Allen submits that this court is his only resort for correction of the dilemma, because he is a state pretrial detainee in state custody with a pending or uncompleted federal sentence. He seeks his return to federal custody to pursue the recalculation of his sentence that he claims cannot be accomplished while he is in state custody.

The Court has located no precedent to support the State's argument that would require Allen to exhaust state court review of the BOP's calculation of his federal sentence. Such a claim warrants no further discussion. Instead, the Court will consider the State's exhaustion defense under available federal BOP review. For the following reasons, however, this Court lacks jurisdiction to consider Allen's petition, because he has not exhausted administrative review through the BOP.

The Court first notes that Allen received a 24-month sentence from the Southern District of Missouri just eight months prior to the issuance of this report and finds no support in the record for his suggestion that his federal sentence term has been completed. Nevertheless, the method for computing a federal prisoner's sentence is controlled by 18 U.S.C. § 3585, and the responsibility for calculating detention credit is with the United States Attorney General, through the BOP, and not the federal courts. *United States v. Rodriguez-Falcon*, 710 F. App'x 242, 243 (5th Cir. 2018) (citing *United States v. Wilson*, 503 U.S. 329, 337 (1992)). As a result, the United

States Supreme Court has made clear that § 3585(b) does <u>not</u> authorize a federal court to compute credit for time spent in official detention at the time of or after a sentence is imposed.  *United States v. Dowling*, 962 F.2d 390, 393 (5th Cir. 1992) (citing *Wilson*, 503 U.S. at 329).   That task is exclusively left to the BOP by statute, and a petitioner's failure to exhaust through the BOP is jurisdictional to a federal court's review of that calculation.  *Falcetta v. United States*, 734 F. App'x 286, 287 (5th Cir. 2018) ("dismissal for lack of jurisdiction was appropriate because *Falcetta* failed to show that he exhausted his sentencing credit claim fully through the multi-step BOP exhaustion procedure prior to filing his § 2241 petition.").

Thus, through its review procedures, the BOP has the authority to *nunc pro tunc* award credit for time serve in state prison when a federal sentence is imposed before a state sentence.  *Pierce v. Holder*, 614 F.3d 156, 160 (5th Cir. 2010).   If a federal prisoner, like Allen, challenges the award of credit towards a federal sentence for time spent in state custody, he must first "seek administrative review of the computations of [his] credit, and, once [he has] exhausted [his] administrative remedies, [the] prisoner[] may only *then* pursue judicial review of these computations."   (citations omitted, emphasis in original) *Dowling*, 962 F.2d at 393 (citing *Wilson*, 503 U.S. at 335); *Rodriguez-Falcon*, 710 F. App'x at 243.

The BOP administrative remedies procedure applies to Allen's credit-computation claim asserted in this petition.  *United States v. Setser*, 607 F.3d 128, 133 (5th Cir. 2010); 28 U.S.C. § 542.10.   Allen is required to exhaust the BOP procedures, and he has not pointed to any extraordinary circumstances that would amount to an exception to that requirement.  *See*, *Fuller v. Rich*, 11 F. 3d 61, 62 (5th Cir. 1994); *Overshown v. Upton*, 466 F. App'x 361 (5th Cir. 2012).

The Court recognizes that Allen may not be able to proceed through the BOP administrative review process until he is physically within a BOP facility; however, this does not

provide extraordinary circumstances waiving exhaustion. *May v. United States*, No. 13CV39, 2013 WL 961892, at *2 (S.D. Miss. Mar. 12, 2013). Allen's dilemma is not extraordinary or uncommon. Instead, his perceived conflict of location "'stems not from an inherent flaw on the face of the court's sentencing papers, . . . but from the very practical problems that arise in carrying out overlapping state and federal sentences in a dual sovereignty." *Setser*, 607 F.3d at 132 (quoting *United States v. Cibrian*, 374 F. App'x 524, 528-29 (5th Cir. 2010)).

The United States Fifth Circuit has noted that "'[t]he irreconcilability of [a defendant's] federal and state sentences is a well-documented practicality of our system of contemporaneous jurisdiction.'" *Id*., at 132 (quoting *Cibrian*, 374 F. App'x at 530). The Fifth Circuit also has recognized that "in some instances . . . it is 'the federal sentence [that may be] partially foiled, [and] in other cases, it is the state sentence that suffers the intrusion.'" *Id*. (quoting *Cibrian*, F. App'x at 530).

The record before this Court, including the submissions presented by the petitioner and the State, fail to demonstrate any attempt by Allen to properly pursue review of his federal sentencing calculation to the Attorney General through the BOP as required by law. The fact that he may not be able to do so while in state custody is of no moment and creates no exception to the exhaustion requirement. The Court acknowledges Allen's frustration with need to follow an imperfect administrative process, but that does not give cause for this Court to assume jurisdiction over matters statutorily required to be brought to the BOP.

## V.     No Right to Habeas Relief Sought

Alternatively, should a reviewing Court choose to overlook Allen's failure to exhaust, the petition should be denied and dismissed, because he is not entitled to the relief sought.

Allen requests that he be immediately returned to federal custody so that the BOP will recalculate his sentence. Although sentence-execution claims are proper in a § 2241 petition, a petitioner does not have a constitutional right to incarceration in any particular prison system. *See*, *Simpson v. Cockrell*, No. 01-10415, 2001 WL 1075829, at *1 (5th Cir. Aug. 21, 2001) (citations omitted). Instead, the facility at which an inmate serves concurrent sentences is "a matter for the two sovereigns involved to decide." *Id.*; *accord*, *Setser*, 607 F.3d at 132. Similarly, "[n]o binding legal authority requires the federal BOP . . . to comply with a state court's sentencing order that [an inmate's] federal sentence run concurrently with his state sentences." *Castro Flores v. Dretke*, 120 F. App'x 537, 539 (5th Cir. 2005) (citing *Leal v. Tombone*, 341 F.3d 427, 429-30 (5th Cir. 2003) (affirming dismissal of habeas petition where petitioner sought order directing BOP to recognize state-court order for concurrent sentence)). There simply is "no authority requir[ing] federal marshals to immediately deliver a federal prisoner to a federal facility for the service of his sentence." *Castro Flores*, 120 F. App'x at 539.

In keeping with this, Allen certainly has no legal grounds for this Court to require the U.S. Marshal to take custody to return him to the BOP for the mere recalculation of his 24-month sentence received in April 2018. Therefore, Allen has no right to an order directing his immediate transfer to or placement in a federal prison, and his petition under 28 U.S.C. § 2241 must be denied and dismissed with prejudice for seeking relief to which he is not entitled.

**VI.   Recommendation**

For the foregoing reasons, it is **RECOMMENDED** that Allen's claims of sexual assault, malfeasance, and failure to investigate by the St. Tammany Parish authorities constructively brought under 42 U.S.C. § 1983 be **DISMISSED WITHOUT PREJUDICE** as improper under federal habeas review.

It is further **RECOMMENDED** that Allen's petition for the issuance of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust available federal remedies, or alternatively, the § 2241 petition be **DENIED and DISMISSED WITH PREJUDICE** for seeking unavailable relief.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[19]

New Orleans, Louisiana, this 18th day of December, 2018.

_____
KAREN WELLS ROBY
**CHIEF UNITED STATES MAGISTRATE JUDGE**

---

[19] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.